UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY KIMBROUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:09 CV 549 |
| v. | ) |
| | ) |
| MIKE BOOKS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Jeffrey Kimbrough, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 7.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under RULE 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). Additionally, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants

acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Kimbrough sues Elkhart County Sheriff Mike Books, complaining that he is still being housed at the Elkhart County jail even though he was convicted of an offense and sentenced more than a year ago. He states that he would prefer to be housed at a "full fledged" Indiana Department of Corrections ("IDOC") facility. (DE # 7 at 3.) He further alleges that the conditions at the jail are inadequate because physical recreation takes place in a "15 x 30 ft room that's empty"; he is forced to pay "inflated" prices for items at the commissary; he is not given two-hour contact visits like inmates at IDOC facilities; and he has not had access to vocational and other programming that is available at IDOC facilities. (DE # 7 at 3-5.) His allegations fail to state a claim for relief.

First, Kimbrough has no due process right to be housed in any particular correctional facility. *See Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995). As the United States Supreme Court explained:

> The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution. The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

*Meachum v. Fano*, 427 U.S. 215, 224 (1976) (emphasis in original). Applying this principle, the Seventh Circuit rejected a claim strikingly similar to Kimbrough's, where an inmate challenged his continued detention at the county jail after he was convicted

2

and sentenced. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (observing that inmate had "no due process right to the correctional facility of his choice."). Therefore, to the extent Kimbrough is challenging the IDOC's decision to house him at the jail rather than some other correctional facility, his allegations fail to state a claim for relief.

Kimbrough's remaining allegations are about the conditions at the jail. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Inmates are entitled to adequate food, clothing, shelter, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981).

Kimbrough's allegations regarding inflated prices at the commissary, lack of two-hour contact visits, and lack of access to vocational and other programs fail to show that he was denied basic human needs like clothing, food, or shelter. His allegations do not state an Eighth Amendment violation.

Kimbrough also complains about the lack of recreational opportunities at the jail. Denial of exercise or recreation may give rise to an Eighth Amendment claim "in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli*, 81 F.3d at 1432. Kimbrough does not allege that his movement has been denied to the point that his health has been threatened, and

3

it is apparent from the complaint that he has been given access to a recreation room where he can do calisthenics or other such exercise. Kimbrough wants to be able to exercise outdoors, play basketball, and have access to "work out equipment." (DE # 7 at 5.) However, the Eighth Amendment does not guarantee inmates the "services of a good hotel," and the denial of "desirable, entertaining diversions" does not raise a constitutional claim. *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). Accordingly, Kimbrough's allegations fail to state a claim for relief.

For these reasons, the court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim.

**SO ORDERED**.

Date: March 9, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT